**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4747**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

GERARDO RODRIGUEZ, a/k/a Gerry,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, District Judge. (7:09-cr-00140-D-1)

Submitted: March 31, 2011                  Decided: April 5, 2011

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. George E.B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerardo Rodriguez appeals from his 168-month sentence for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and a quantity of marijuana, and his concurrent sixty-month sentence for possession with intent to distribute a quantity of marijuana and aiding and abetting. The sole issue raised in Rodriguez's brief is whether the trial court erred by failing to give him a greater variance in light of the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010) factors. For the reasons that follow, we affirm.

First, we note that Rodriguez was sentenced within his properly-calculated advisory Sentencing Guidelines range, rather than any variant sentence. We review sentences for reasonableness using a "deferential abuse-of-discretion standard," regardless of whether a sentence is inside or outside the prescribed Sentencing Guidelines range. Gall v. United States, 552 U.S. 38, 41 (2007). There is an appellate presumption that a sentence falling within a correctly calculated Guidelines range is reasonable. Id. at 51; see Rita v. United States, 551 U.S. 338, 347 (2007); United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006) (applying such a presumption in the Fourth Circuit). We find that Rodriguez's sentence was reasonable.

2

Although not raised as a separate issue in his brief, Rodriguez argues that the district court failed to adequately explain his sentence or otherwise provide individualized reasons for his sentence. A district court commits procedural error when it fails to adequately explain the chosen sentence. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). While district judges must provide a particularized assessment as to why the sentence imposed is proper in each case, they need not "robotically tick through § 3553(a)'s every subsection." Johnson, 445 F.3d at 345. Moreover, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita, 551 U.S. at 356.

Here, Rodriguez argues that the district court failed to address all of his arguments for a lower sentence. Rodriguez claims that the district court only addressed his prior military service argument. This claim fails, however, as a review of the record reveals that the court specifically addressed Rodriguez's family ties, whether he was remorseful for his crimes, and whether he had turned his life around. Moreover, the court specifically applied the § 3553(a) factors in determining his sentence. Thus, we find that the district court adequately addressed Rodriguez's arguments and explained his sentence.

3

Accordingly, we affirm the sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4